**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

**Case No. _____**

ARRIVALSTAR S.A. and MELVINO
TECHNOLOGIES LIMITED,

         Plaintiffs,

vs.

ENCORE FORWARDING, INC.,             **DEMAND FOR JURY TRIAL**
TRIPIT, INC., INTRAVEX, LLC,
OAKLEY, INC., a Washington
Corporation, BEST BUY
COMPANY OF MINNESOTA,
INC., and AFC WORLDWIDE
EXPRESS, INC.,

         Defendants.

_____/

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs, ArrivalStar S.A. and Melvino Technologies Limited (collectively "Plaintiffs"),

by and through their undersigned counsel, hereby sue the above-named defendants for patent

infringement, and in support, allege as follows:

**NATURE OF THE LAWSUIT**

1.      This is an action for patent infringement of United States Patent Numbers:

6,714,859; 6,748,320; 6,952,645; 7,030,781; 7,400,970; 6,904,359; 6,317,060; 6,486,801; and,

6,411,891, arising under the patent laws of the United States, Title 35 of the United States Code.

**JURISDICTION, VENUE AND THE PARTIES**

2.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331; 28 U.S.C.

§ 1338; and 35 U.S.C. § 271.

3.     This Court has personal jurisdiction over each Defendant pursuant to, *inter alia*, Florida's long-arm statute, § 48.193, in that each Defendant:  (a) operates, conducts, engages in, and/or carries on a business or business adventure(s) in Florida and/or has an office or agency in Florida; (b) has committed one or more tortious acts within Florida; (c) was and/or is engaged in substantial and not isolated activity within Florida; and/or (d) has purposely availed itself of Florida's laws, services and/or other benefits and therefore should reasonably anticipate being hailed into one or more of the courts within the State of Florida.

4.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 and 28 U.S.C. § 1400.

### THE PLAINTIFFS

5.     ArrivalStar S.A. is a corporation organized under the laws of Luxembourg, having offices located at 67 Rue Michel, Welter L-2730, Luxembourg.  ArrivalStar is the authorized licensee of the patents alleged as being infringed in this lawsuit, with the right to sub-license the patents at issue.

6.     Melvino Technologies Limited is a corporation organized under the laws of the British Virgin Islands of Tortola, having offices located at P.O. Box 3174, Palm Chambers, 197 Main Street, Road Town, Tortola, British Virgin Islands.  Melvino owns all rights, title and interests in the patents alleged as being infringed in this lawsuit.

### THE DEFENDANTS

7.     Defendant Encore Forwarding, Inc. ("Encore") is a New York Corporation with a principal place of business located at One Cross Island Plaza, Suite 315, Rosedale, New York 11422.  Encore is authorized to transact business in Florida, and it does; it has a place of business in Florida located at 13910 Alvarez Road, Suite 100, Jacksonville, Florida and a Registered Agent located in Jacksonville, Florida.  It also has an office located in Doral, Florida. Further,

2

Encore transacts business and has, at a minimum, offered to provide and/or has provided to customers within this Judicial District and throughout the State of Florida services and/or products that infringe claims of the '859, '320, '645, '359, '060, '781, '801 and '970 patents.

8.      Defendant Tripit, Inc. ("Tripit") is a Delaware Corporation with a principal place of business located at 444 De Haro Street, Suite 130, San Francisco, California 94107.  Although Tripit is not specifically authorized to conduct business within the State of Florida or this Judicial District, it definitely does. It transacts business and has, at a minimum, offered to provide and/or has provided in this Judicial District and throughout the State of Florida services and/or products to customers that infringe claims of the '359, '320, '645, '801, '859, '060, '781 and '970 patents.

9.      Defendant Intravex, LLC ("Intravex") is an Illinois Limited Liability Company with a principal place of business located at 718 North Clinton, Suite 106, Chicago, Illinois 60661.  While Intravex is not specifically authorized to transact business in the State of Florida, it does.  Intravex transacts business and has, at a minimum, offer to provide and/or has provided in this Judicial District and throughout the State of Florida services and/or products to customers that infringe claims of the '320, '645, '060, '891, '781, and '320 patents.

10.     Defendant Oakley, Inc., a Washington Corporation ("Oakley"), is a Washington Corporation with a principal place of business located at 1 Icon, Foothill Ranch, California 92610.  Oakley is authorized to transact business in Florida, and it does.  It also has a Registered Agent in Tallahassee, Florida.  Further, Oakley also has offices and stores throughout the State of Florida including within this Judicial District specifically located in North Miami Beach, Florida; Miami, Florida; Boca Raton, Florida; Sunrise, Florida; Wellington, Florida; and, Aventura, Florida.  Finally, Oakley transacts business and has, at a minimum, offered to provide and/or has

3

provided in this Judicial District and throughout the State of Florida services and/or products to customers that infringe claims of the '359, '320, '970 and '645 patents.

11.     Defendant Best Buy Company of Minnesota, Inc. ("Best Buy") is a Minnesota Corporation with a principal place of business located at 7601 Penn Avenue South, Richfield, Minnesota 55423.  Best Buy is authorized to transact business in Florida, and it does.  It also has a Registered Agent located in Plantation, Florida.  Further, Best Buy has offices and stores throughout the State of Florida including within this Judicial District specifically located in Boca Raton, Florida; Margate, Florida; Coral Springs, Florida; Fort Lauderdale, Florida; Miami, Florida; Miami Beach, Florida; and, Dadeland, Florida.  Finally, Best Buy transacts business and has, at a minimum, offered to provide and/or has provided in this Judicial District and throughout the State of Florida services and/or products to customers that infringe claims of the '359, '320, '970 and '645 patents.

12.     Defendant AFC Worldwide Express, Inc. ("AFC") is a Georgia Corporation with a principal place of business located at 975 Cobb Place Boulevard, N.W. Suite 101, Kennesaw, Georgia 30144.  AFC is authorized to transact business in the State of Florida and within this Judicial District, and it does.  It also has its Registered Agent located in Plantation, Florida.  It also has a physical business location located at 6316 North Hiatus Road, Tamarac, Florida 33321-6427.  Finally, AFC transacts business and has, at a minimum, offered to provide and/or has provided within this Judicial District and throughout the State of Florida services and/or products to customers that infringe claims of the '859, '320, '645, '359, '060, '781, '801 and '970 patents.

## THE PLAINTIFFS' PATENTS

13.     Plaintiffs own all right, title and interest in, and/or have standing to sue for infringement of United States Patent Number 6,714,859 ("the '859 patent"), entitled "System and Method for an Advance Notification System for Monitoring and Reporting Proximity of a Vehicle", issued March 30, 2004.  A copy of the '859 patent is attached hereto as Exhibit 1.

14.     Plaintiffs own all right, title and interest in, and/or have standing to sue for infringement of United States Patent Number 6,748,320 ("the '320 patent"), entitled "Advance Notification Systems and Methods Utilizing a Computer Network", issued June 8, 2004.  A copy of the '320 patent is attached hereto as Exhibit 2.

15.     Plaintiffs own all right, title and interest in, and/or have standing to sue for infringement of United States Patent Number 6,952,645 ("the '645 patent"), entitled "System and Method for Activation of an Advance Notification System for Monitoring and Reporting Status of Vehicle Travel", issued October 4, 2005.  A copy of the '645 patent is attached hereto as Exhibit 3.

16.     Plaintiffs own all right, title and interest in, and/or have standing to sue for infringement of United States Patent Number 7,030,781 ("the '781 patent"), entitled "Notification System and Method that Informs a Party of Vehicle Delay", issued April 18, 2006. A copy of the '781 patent is attached hereto as Exhibit 4.

17.     Plaintiffs own all right, title and interest in, and/or have standing to sue for infringement of United States Patent Number 7,400,970 ("the '970 patent"), entitled "System and Method for an Advance Notification System for Monitoring and Reporting Proximity of a Vehicle", issued July 15, 2008.  A copy of the '970 patent is attached hereto as Exhibit 5.

18.     Plaintiffs own all right, title and interest in, and/or have standing to sue for infringement of United States Patent Number 6,904,359 ("the '359 patent"), entitled "Notification System and Methods with User-Defineable Notifications Based Upon Occurrence of Events", issued June 7, 2005.  A copy of the '359 patent is attached hereto as Exhibit 6.

19.     Plaintiffs own all right, title and interest in, and/or have standing to sue for infringement of United States Patent Number 6,317,060 ("the '060 patent"), entitled "Base Station System and Method for Monitoring Travel of Mobile Vehicles and Communicating Notification Messages", issued November 13, 2001.  A copy of the '060 patent is attached hereto as Exhibit 7.

20.     Plaintiffs own all right, title and interest in, and/or have standing to sue for infringement of United States Patent Number 6,486,801 ("the '801 patent"), entitled "Base Station Apparatus and Method for Monitoring Travel of a Mobile Vehicle", issued November 26, 2002.  A copy of the '801 patent is attached hereto as Exhibit 8.

21.     Plaintiffs own all right, title and interest in, and/or have standing to sue for infringement of United States Patent Number 6,411,891 ("the '891 patent"), entitled "Advance Notification System and Method Utilizing User-Definable Notification Time Periods", issued June 25, 2002.  A copy of the '891 patent is attached hereto as Exhibit 9.

**COUNT I – ENCORE**
**DIRECT PATENT INFRINGEMENT**

22.     Plaintiffs hereby incorporate Paragraphs 1 through 21 set forth above as if fully set forth herein.

23.     Pursuant to 35 U.S.C. § 271, Encore has directly infringed claims of the '859, '320, '645, '359, '060, '781, '801 and '970 patents through, among other activities, the commercial sale, offer and/or use of its "ETA and Shipment in Transit Reports" and "Track and

Trace Software" programs/products/services/systems which utilize tracking and messaging technologies that are protected within the '859, '320, '645, '359, '060, '781, '801 and '970 patents, as every claim limitation, or its equivalent, is found in these devices, methods, programs, products, systems and/or services.

24. Encore's direct infringement has injured and will continue to injure Plaintiffs unless and until a monetary judgment is entered in favor of Plaintiffs and/or the Court enters an injunction prohibiting further infringement and, specifically, enjoining further use of methods and systems that come within the scope of the '859, '320, '645, '359, '060, '781, '801, and '970 patents.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully ask this Court to enter judgment against Encore and its subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with Encore, granting the following relief:

A. An award of damages against Encore adequate to compensate Plaintiffs for the infringement that has occurred with respect to Encore, together with prejudgment interest from the date that Encore's infringement of the patents at issue began;

B. Increased damages as permitted pursuant to 35 U.S.C. § 284;

C. A finding that this case is exceptional and award to Plaintiffs their attorneys' fees and costs as provided by 35 U.S.C. § 285;

D. A permanent injunction against Encore prohibiting further infringement of the patents at issue; and,

E. All other relief as the Court or a jury may deem proper and just in this instance.

## COUNT II – ENCORE
## INDIRECT PATENT INFRINGEMENT

25.     Plaintiffs hereby incorporate Paragraphs 1 through 24 set forth above as if fully set forth herein.

26.     Pursuant to 35 U.S.C. § 271, Encore has indirectly infringed claims of the '859, '320, '645, '359, '060, '781, '801, and '970 patents through, among other activities, the commercial sale, offer and/or use of its "ETA and Shipment in Transit Reports" and "Track and Trace Software" programs/products/services/systems which utilize tracking and messaging technologies that are protected within the '859, '320, '645, '359, '060, '781, '801, and '970 patents, as Encore actively induced infringement by one or more third parties, and/or contributed to infringement by one or more third parties as Encore had knowledge that its activity caused such infringement.

27.     Encore's contributory infringement and/or inducement to infringe has injured and will continue to injure Plaintiffs unless and until a monetary judgment is entered in favor of Plaintiffs and/or the Court enters an injunction prohibiting further infringement and, specifically, enjoining further use of methods and systems that come within the scope of the '859, '320, '645, '359, '060, '781, '801 and '970 patents.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully ask this Court to enter judgment against Encore and its subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with Encore, granting the following relief:

A.     An award of damages against Encore adequate to compensate Plaintiffs for the infringement that has occurred with respect to Encore, together with prejudgment interest from the date that Encore's infringement of the patents at issue began;

B.      Increased damages as permitted pursuant to 35 U.S.C. § 284;

C.      A finding that this case is exceptional and award to Plaintiffs their attorneys' fees and costs as provided by 35 U.S.C. § 285;

D.      A permanent injunction against Encore prohibiting further infringement of the patents at issue; and,

E.       All other relief as the Court or a jury may deem proper and just in this instance.

## COUNT III – TRIPIT
## DIRECT PATENT INFRINGEMENT

28.     Plaintiffs hereby incorporate Paragraphs 1 through 21 set forth above as if fully set forth herein.

29.     Pursuant to 35 U.S.C. § 271, Tripit has directly infringed claims of '859, '320, '645, '781, '359, '801, '060, and '970 patents through, among other activities, the commercial sale, offer and/or use of its "Get SMS Travel Alerts" programs/products/services/systems which include and use tracking and messaging technologies that are protected within the '859, '320, '645, '781, '359, '801, '060, and '970 patents, as every claim limitation, or its equivalent, is found in these devices, methods, programs, products, systems and/or services.

30.     Tripit's direct infringement has injured and will continue to injure Plaintiffs unless and until a monetary judgment is entered in favor of Plaintiffs and/or the Court enters an injunction prohibiting further infringement and, specifically, enjoining further use of methods and systems that come within the scope of '859, '320, '645, '781, '359, '801, '060 and '970 patents.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully ask this Court to enter judgment against Tripit and its subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with Tripit, granting the following relief:

A.      An award of damages against Tripit adequate to compensate Plaintiffs for the infringement that has occurred with respect to Tripit, together with prejudgment interest from the date that Tripit's infringement of the patents at issue began;

B.      Increased damages as permitted pursuant to 35 U.S.C. § 284;

C.      A finding that this case is exceptional and award to Plaintiffs their attorneys' fees and costs as provided by 35 U.S.C. § 285;

D.      A permanent injunction against Tripit prohibiting further infringement of the patents at issue; and,

E.       All other relief as the Court or a jury may deem proper and just in this instance.

## COUNT IV – TRIPIT
## INDIRECT PATENT INFRINGEMENT

31.     Plaintiffs hereby incorporate Paragraphs 1 through 21 and Paragraphs 28 through 30 set forth above as if fully set forth herein.

32.     Pursuant to 35 U.S.C. § 271, Tripit has indirectly infringed claims of '859, '320, '645, '781, '359, '801, '060, and '970 patents through, among other activities, the commercial sale, offer and/or use of its "Get SMS Travel Alerts" programs/products/services/systems which include and use tracking and messaging technologies that are protected within the '859, '320, '645, '781, '359, '801, '060, and '970 patents, as Tripit actively induced infringement by one or more third parties, and/or contributed to infringement by one or more third parties as Tripit had knowledge that its activity caused such infringement.

33.     Tripit's contributory infringement and/or inducement to infringe has injured and will continue to injure Plaintiffs unless and until a monetary judgment is entered in favor of Plaintiffs and/or the Court enters an injunction prohibiting further infringement and, specifically, enjoining further use of methods and systems that come within the scope of '859, '320, '645, '781, '359, '060, '801 and '970 patents.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully ask this Court to enter judgment against Tripit and its subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with Tripit granting the following relief:

A.     An award of damages against Tripit adequate to compensate Plaintiffs for the infringement that has occurred with respect to Tripit, together with prejudgment interest from the date that Tripit's infringement of the patents at issue began;

B.     Increased damages as permitted pursuant to 35 U.S.C. § 284;

C.     A finding that this case is exceptional and award to Plaintiffs their attorneys' fees and costs as provided by 35 U.S.C. § 285;

D.     A permanent injunction against Tripit prohibiting further infringement of the patents at issue; and,

E.      All other relief as the Court or a jury may deem proper and just in this instance.

## COUNT V – INTRAVEX
## DIRECT PATENT INFRINGEMENT

34.     Plaintiffs hereby incorporate Paragraphs 1 through 21 set forth above as if fully set forth herein.

35.     Pursuant to 35 U.S.C. § 271, Intravex has directly infringed claims of the '320, '645, '781, '359, '060, and '891 patents through, among other activities, the commercial sale,

offer and/or use of its "Logistics Information Visibility" programs/products/services/systems which include and use tracking and messaging technologies that are protected within the '320, '645, '781, '359, '060, and '891 patents, as every claim limitation, or its equivalent, is found in these devices, methods, programs, products, systems and/or services.

36.     Intravex's direct infringement has injured and will continue to injure Plaintiffs unless and until a monetary judgment is entered in favor of Plaintiffs and/or the Court enters an injunction prohibiting further infringement and, specifically, enjoining further use of methods and systems that come within the scope of '320, '645, '781, '359, '060 and '891 patents.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully ask this Court to enter judgment against Intravex and its subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with Intravex, granting the following relief:

A.     An award of damages against Intravex adequate to compensate Plaintiffs for the infringement that has occurred with respect to Intravex, together with prejudgment interest from the date that Intravex's infringement of the patents at issue began;

B.     Increased damages as permitted pursuant to 35 U.S.C. § 284;

C.     A finding that this case is exceptional and award to Plaintiffs their attorneys' fees and costs as provided by 35 U.S.C. § 285;

D.     A permanent injunction against Intravex prohibiting further infringement of the patents at issue; and,

E.      All other relief as the Court or a jury may deem proper and just in this instance.

## COUNT VI – INTRAVEX
## INDIRECT PATENT INFRINGEMENT

37.     Plaintiffs hereby incorporate Paragraphs 1 through 21 and Paragraphs 34 through 36 set forth above as if fully set forth herein.

38.     Pursuant to 35 U.S.C. § 271, Intravex has indirectly infringed claims of the '320, '645, '781, '359, '060, and '891 patents through, among other activities, the commercial sale, offer and/or use of its "Logistics Information Visibility" programs/products/services/systems which include and use tracking and messaging technologies that are protected within the '320, '645, '781, '359, '060, and '891 patents, as Intravex actively induced infringement by one or more third parties, and/or contributed to infringement by one or more third parties as Intravex had knowledge that its activity caused such infringement.

39.     Intravex's contributory infringement and/or inducement to infringe has injured and will continue to injure Plaintiffs unless and until a monetary judgment is entered in favor of Plaintiffs and/or the Court enters an injunction prohibiting further infringement and, specifically, enjoining further use of methods and systems that come within the scope of '320, '645, '781, '359, '060 and '891 patents.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully ask this Court to enter judgment against Intravex and its subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with Intravex, granting the following relief:

A.     An award of damages against Intravex adequate to compensate Plaintiffs for the infringement that has occurred with respect to Intravex, together with prejudgment interest from the date that Intravex's infringement of the patents at issue began;

B.     Increased damages as permitted pursuant to 35 U.S.C. § 284;

C.     A finding that this case is exceptional and award to Plaintiffs their attorneys' fees and costs as provided by 35 U.S.C. § 285;

D.     A permanent injunction against Intravex prohibiting further infringement of the patents at issue; and,

E.      All other relief as the Court or a jury may deem proper and just in this instance.

## COUNT VII – OAKLEY
## DIRECT PATENT INFRINGEMENT

40.     Plaintiffs hereby incorporate Paragraphs 1 through 21 and Paragraphs above as if fully set forth herein.

41.     Pursuant to 35 U.S.C. § 271, Oakley has directly infringed clams of the '359, '320, '645 and '970 patents through, among other activities, systems and methods, the use of tracking and messaging technologies within its "Advanced Shipment Notice" and "Email Shipment Confirmation" services that are protected by the '359, '320, '645 and '970 patents, as every claim limitation, or its equivalent, is found in these devices, methods, programs, products, systems and/or services.

42.     Oakley's direct infringement has injured and will continue to injure Plaintiffs until a monetary judgment is rendered in Plaintiffs' favor and/or unless and until the Court enters an injunction prohibiting further infringement and, specifically, enjoining further use of methods and systems that come within the scope of the '359, '320, '645 and '970 patents

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully ask this Court to enter judgment against Oakley and its subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with Oakley granting the following relief:

A.      An award of damages against Oakley adequate to compensate Plaintiffs for the infringement that has occurred with respect to Oakley, together with prejudgment interest from the date that Oakley's infringement of the patents at issue began;

B.      Increased damages as permitted pursuant to 35 U.S.C. § 284;

C.      A finding that this case is exceptional and award to Plaintiffs their attorneys' fees and costs as provided by 35 U.S.C. § 285;

D.      A permanent injunction against Oakley prohibiting further infringement of the patents at issue; and,

E.       All other relief as the Court or a jury may deem proper and just in this instance.

## COUNT VIII – OAKLEY
## INDIRECT PATENT INFRINGEMENT

43.     Plaintiffs hereby incorporate Paragraphs 1 through 21 and Paragraphs 40 through 42 set forth above as if fully set forth herein.

44.     Pursuant to 35 U.S.C. § 271, Oakley has indirectly infringed clams of the '359, '320, '645, and '970 patents through, among other activities, systems and methods, the use of tracking and messaging technologies within its "Advanced Shipment Notice" and "Email Shipment Confirmation" services that are protected by the '359, '320, '645 and '970 patents, as Oakley actively induced infringement by one or more third parties, and/or contributed to infringement by one or more third parties as Oakley had knowledge that its activity caused such infringement.

45.     Oakley's contributory infringement and/or inducement to infringe has injured and will continue to injure Plaintiffs until a monetary judgment is rendered in Plaintiffs' favor and/or unless and until the Court enters an injunction prohibiting further infringement and, specifically,

enjoining further use of methods and systems that come within the scope of the '359, '320, '645 and '970 patents.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully ask this Court to enter judgment against Oakley and its subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with Oakley granting the following relief:

A. An award of damages against Oakley adequate to compensate Plaintiffs for the infringement that has occurred with respect to Oakley, together with prejudgment interest from the date that Oakley's infringement of the patents at issue began;

B. Increased damages as permitted pursuant to 35 U.S.C. § 284;

C. A finding that this case is exceptional and award to Plaintiffs their attorneys' fees and costs as provided by 35 U.S.C. § 285;

D. A permanent injunction against Oakley prohibiting further infringement of the patents at issue; and,

E. All other relief as the Court or a jury may deem proper and just in this instance.

## COUNT IX – BEST BUY
## DIRECT PATENT INFRINGEMENT

46. Plaintiffs hereby incorporate Paragraphs 1 through 21 set forth above as if fully set forth herein.

47. Pursuant to 35 U.S.C. § 271, Best Buy has infringed clams of the '359, '320, '645 and '970 patents through, among other activities, systems and methods, the use of tracking and messaging technologies within its "Advanced Shipment Notice" and "Email Shipment Confirmation" services that are protected by the '359, '320, '645 and '970 patents, as every

claim limitation, or its equivalent, is found in these devices, methods, programs, products, systems and/or services.

48.     Best Buy's direct infringement has injured and will continue to injure Plaintiffs until a monetary judgment is rendered in Plaintiffs' favor and/or unless and until the Court enters an injunction prohibiting further infringement and, specifically, enjoining further use of methods and systems that come within the scope of the '359, '320, '645 and '970 patents.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully ask this Court to enter judgment against Best Buy and its subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with Best Buy granting the following relief:

A.     An award of damages against Best Buy adequate to compensate Plaintiffs for the infringement that has occurred with respect to Best Buy, together with prejudgment interest from the date that Best Buy's infringement of the patents at issue began;

B.     Increased damages as permitted pursuant to 35 U.S.C. § 284;

C.     A finding that this case is exceptional and award to Plaintiffs their attorneys' fees and costs as provided by 35 U.S.C. § 285;

D.     A permanent injunction against Best Buy prohibiting further infringement of the patents at issue; and,

E.      All other relief as the Court or a jury may deem proper and just in this instance.

## COUNT X – BEST BUY
## INDIRECT PATENT INFRINGEMENT

49.     Plaintiffs hereby incorporate Paragraphs 1 through 21 and Paragraphs 46 through 48 set forth above as if fully set forth herein.

50.     Pursuant to 35 U.S.C. § 271, Best Buy has indirectly infringed clams of the '359, '320, '645, and '970 patents through, among other activities, systems and methods, the use of tracking and messaging technologies within its "Advanced Shipment Notice" and "Email Shipment Confirmation" services that are protected by the '359, '320, '645 and '970 patents, as Best Buy actively induced infringement by one or more third parties, and/or contributed to infringement by one or more third parties as Best Buy had knowledge that its activity caused such infringement.

51.     Best Buy's contributory infringement and/or inducement to infringe has injured and will continue to injure Plaintiffs until a monetary judgment is rendered in Plaintiffs' favor and/or unless and until the Court enters an injunction prohibiting further infringement and, specifically, enjoining further use of methods and systems that come within the scope of the '359, '320, '645 and '970 patents.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully ask this Court to enter judgment against Best Buy and its subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with Best Buy granting the following relief:

A.     An award of damages against Best Buy adequate to compensate Plaintiffs for the infringement that has occurred with respect to Best Buy, together with prejudgment interest from the date that Best Buy's infringement of the patents at issue began;

B.     Increased damages as permitted pursuant to 35 U.S.C. § 284;

C.     A finding that this case is exceptional and award to Plaintiffs their attorneys' fees and costs as provided by 35 U.S.C. § 285;

D.     A permanent injunction against Best Buy prohibiting further infringement of the patents at issue; and,

E.      All other relief as the Court or a jury may deem proper and just in this instance.

## COUNT XI – AFC
## DIRECT PATENT INFRINGEMENT

52.     Plaintiffs hereby incorporate Paragraphs 1 through 21 set forth above as if fully set forth herein.

53.     Pursuant to 35 U.S.C. § 271, AFC has directly infringed claims of the '859, '320, '645, '359, '060, '781, '801 and '970 patents through, among other activities, the commercial sale, offer and/or use of its "Supply Chain Management" including "Tracking, Tracing and Reporting", "web-based tracking", "Customized Reporting and Programming for logistics as products and services" programs/products/services/systems which utilize tracking and messaging technologies that are protected within the '859, '320, '645, '359, '060, '781, '801 and '970 patents, as every claim limitation, or its equivalent, is found in these devices, methods, programs, products, systems and/or services.

54.     AFC's direct infringement has injured and will continue to injure Plaintiffs unless and until a monetary judgment is entered in favor of Plaintiffs and/or the Court enters an injunction prohibiting further infringement and, specifically, enjoining further use of methods and systems that come within the scope of the '859, '320, '645, '359, '060, '781, '801, and '970 patents.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully ask this Court to enter judgment against AFC and its subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with AFC granting the following relief:

A.      An award of damages against AFC adequate to compensate Plaintiffs for the infringement that has occurred with respect to AFC, together with prejudgment interest from the date that AFC's infringement of the patents at issue began;

B.      Increased damages as permitted pursuant to 35 U.S.C. § 284;

C.      A finding that this case is exceptional and award to Plaintiffs their attorneys' fees and costs as provided by 35 U.S.C. § 285;

D.      A permanent injunction against AFC prohibiting further infringement of the patents at issue; and,

E.       All other relief as the Court or a jury may deem proper and just in this instance.

## COUNT XII – AFC
## INDIRECT PATENT INFRINGEMENT

55.      Plaintiffs hereby incorporate Paragraphs 1 through 21 and Paragraphs 52 through 54 set forth above as if fully set forth herein.

56.      Pursuant to 35 U.S.C. § 271, AFC has indirectly infringed claims of the '859, '320, '645, '359, '060, '781, '801, and '970 patents through, among other activities, the commercial sale, offer and/or use of its "Supply Chain Management" including "Tracking, Tracing and Reporting", "web-based tracking", "Customized Reporting and Programming for logistics as products and services" programs/products/services/systems which utilize tracking and messaging technologies that are protected within the '859, '320, '645, '359, '060, '781, '801, and '970 patents, as AFC actively induced infringement by one or more third parties, and/or contributed to infringement by one or more third parties as AFC had knowledge that its activity caused such infringement.

57.      AFC's contributory infringement and/or inducement to infringe has injured and will continue to injure Plaintiffs unless and until a monetary judgment is entered in favor of

Plaintiffs and/or the Court enters an injunction prohibiting further infringement and, specifically, enjoining further use of methods and systems that come within the scope of the '859, '320, '645, '359, '060, '781, '801 and '970 patents.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully ask this Court to enter judgment against AFC and its subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with AFC granting the following relief:

A.      An award of damages against AFC adequate to compensate Plaintiffs for the infringement that has occurred with respect to AFC, together with prejudgment interest from the date that AFC's infringement of the patents at issue began;

B.      Increased damages as permitted pursuant to 35 U.S.C. § 284;

C.      A finding that this case is exceptional and award to Plaintiffs their attorneys' fees and costs as provided by 35 U.S.C. § 285;

D.      A permanent injunction against AFC prohibiting further infringement of the patents at issue; and,

E.       All other relief as the Court or a jury may deem proper and just in this instance.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury on all issues so triable.

Dated: April 29, 2011.                          Respectfully submitted,


                                                 /s/ William R. McMahon
                                                 William R. McMahon, Esquire
                                                 Florida Bar Number: 39044
                                                 McMahon Law Firm, LLC

P.O. Box 880567
Boca Raton, Florida 33488
Telephone: 561-487-7135
Facsimile: 561-807-5900
Email: bill@mlfllc.com

**Counsel for Plaintiffs**